IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Criminal Action |
| ) | No. 23-MJ-02078-01-DPR |
| JARVIS STEVENS, ) | |
| ) | |
| **Defendant.** ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Gary Wilson, attorney at law. The United States was represented by Cameron Beaver, Assistant United States Attorney.

A complaint and supporting affidavit have been filed in this case. The affidavit supports a finding of probable cause to believe that the offense charged was committed by this defendant. The complaint alleges a violation of the Controlled Substances Act, for which there is a maximum period of imprisonment of ten years or more. There is therefore a rebuttable presumption that there are no conditions which would reasonably assure the defendant's appearance at all proceedings, as required, and the safety of other persons and/or the community. Based on the evidence presented at the hearing, there are

1

no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

Regarding the potential for failure to appear, the Court notes the offense charged, defendant's substance abuse history, and unknown mental health history. The Court also notes defendant's criminal history which includes, but is not limited to, the following: probation and parole non-compliance; criminal activity while under supervision; and prior felony convictions.

Regarding the potential danger to the community, the Court notes the nature of the instant offense, defendant's substance abuse history, unknown mental health history, and safety concerns for the community. The Court also notes defendant's criminal history which includes, but is not limited to, the following: prior felony convictions; probation and parole non-compliance; violent behavior history; and criminal activity while under supervision.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for an appearance in connection with a court proceeding.

**IT IS SO ORDRED**

**DATED:** November 22, 2023

                                                       */s/ David P. Rush*
                                                        DAVID P. RUSH
                                            United States Magistrate Judge